UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRICIA ALLEN,<br><br>     Plaintiff,<br><br>vs.<br><br>VERIZON BUSINESS NETWORK SERVICES INC.,<br><br>   Serve:<br><br>   C T Corporation System<br>   Registered Agent<br>   120 S. Central Avenue<br>   Clayton, Missouri 63105<br><br>and<br><br>DONNA SINGLETON,<br><br>   Serve at:<br><br>   14504 Norwood Street<br>   Overland Park, Kansas 66224<br><br>     Defendants. | Case No:<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

COMES NOW Plaintiff Tricia Allen, by and through counsel, and for her cause of action against Defendants Verizon Business Network Services Inc. and Donna Singleton states as follows:

### FACTS COMMON TO ALL COUNTS

1.     Plaintiff is a citizen of the State of Missouri.

2. Defendant Verizon Business Network Services Inc. is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

3. C T Corporation System is the registered agent of Defendant Verizon Business Network Services Inc. and can be properly served at 120 S. Central Avenue, Clayton, Missouri 63105.

4. Defendant Donna Singleton is a citizen of the State of Kansas and can be properly served at 14504 Norwood Street, Overland Park, Kansas 66224.

5. Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

6. Plaintiff demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

7. On or about January 31, 2018, Plaintiff was operating a 2009 Chevrolet Malibu.

8. On or about January 31, 2018, Defendant Donna Singleton was operating a 2017 Ford Focus.

9. On or about January 31, 2018, Charles Patterson was operating a 2014 Hyundai Santa Fe.

10. Plaintiff, Defendant Donna Singleton, and Charles Patterson were all traveling westbound on Missouri Highway 94 near Florence Drive in St. Charles County, Missouri.

11. Charles Patterson was operating his vehicle directly behind Plaintiff.

12. Defendant Donna Singleton was operating her vehicle directly behind Charles Patterson.

13. Plaintiff and Charles Patterson slowed due to stopped traffic ahead.

14. As they did, Defendant Donna Singleton rear-ended Charles Patterson.

15. That impact caused Charles Patterson to rear-end Plaintiff.

16. Plaintiff did nothing to cause Defendant Donna Singleton or Charles Patterson to strike her in the rear.

## COUNT I – NEGLIGENCE (DONNA SINGLETON)

COMES NOW Plaintiff Tricia Allen, by and through counsel, and for Count I of her cause of action against Defendant Donna Singleton states as follows:

17. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

18. Defendant Donna Singleton owed Plaintiff the highest degree of care in the operation of her motor vehicle.

19. Defendant Donna Singleton breached that duty by the aforementioned conduct and thereby directly and proximately caused injury to Plaintiff.

20. Defendant Donna Singleton was thereby negligent in that she:

   a. Drove at an excessive speed (MAI 17.03);

   b. Knew or could have known there was a reasonable likelihood of collision in time to have stopped, swerved, slackened speed, sounded a warning, slackened speed and swerved, slackened speed and sounded a warning, or swerved and sounded a warning, but failed to do so (MAI 17.04);

   c. Failed to keep a careful lookout (MAI 17.05); and

   d. Followed the car in front too closely (MAI 17.09).

21. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Donna Singleton, Plaintiff sustained injury to her head, neck, and back, thereby causing her permanent pain and suffering as a direct result.

22. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Donna Singleton, Plaintiff has been required to undergo reasonable and necessary medical and therapeutic care, including surgical intervention, and is reasonably likely to undergo additional care and treatment in the future.

WHEREFORE, Plaintiff Tricia Allen prays judgment against Defendant Donna Singleton in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her costs herein expended, and for such other relief as the Court deems just and proper under the circumstances.

**COUNT II – NEGLIGENCE (VERIZON BUSINESS NETWORK SERVICES INC.)**

COMES NOW Plaintiff Tricia Allen, by and through counsel, and for Count II of her cause of action against Defendant Verizon Business Network Services Inc. states as follows:

23. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

24. At the time of the collision in question, Defendant Donna Singleton was operating a 2017 Ford Focus in the course and scope of her employment with, and/or as an agent of, Defendant Verizon Business Network Services Inc.

25. Defendant Verizon Business Network Services Inc. is vicariously liable to Plaintiff for the negligent actions of Defendant Donna Singleton while Defendant Donna Singleton was acting within the course and scope of her employment and/or agency with Defendant Verizon Business Network Services Inc.

26. Defendant Verizon Business Network Services Inc. breached its duty to Plaintiff, by and through the actions of their employee and/or agent Defendant Donna Singleton, and thereby directly and proximately caused injury to Plaintiff.

27. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Verizon Business Network Services Inc., Plaintiff sustained injury to her head, neck, and back, thereby causing her permanent pain and suffering as a direct result.

28. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Verizon Business Network Services Inc., Plaintiff has been required to undergo reasonable and necessary medical and therapeutic care, including surgical intervention, and is reasonably likely to undergo additional care and treatment in the future.

WHEREFORE, Plaintiff Tricia Allen prays judgment against Defendant Verizon Business Network Services Inc. in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her costs herein expended, and for such other relief as the Court deems just and proper under the circumstances.

### **COUNT III – NEGLIGENT HIRING/TRAINING/SUPERVISION**
### **(VERIZON BUSINESS NETWORK SERVICES INC.)**

COMES NOW Plaintiff Tricia Allen, by and through counsel, and for Count III of her cause of action against Defendant Verizon Business Network Services Inc. states as follows:

29. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

30. Defendant Verizon Business Network Services Inc. owed Plaintiff a duty to exercise due care in the hiring of employees/agents who drive vehicles as part of their duties.

31. Defendant Verizon Business Network Services Inc. owed Plaintiff a duty to exercise due care in the training of employees/agents who drive vehicles as part of their duties.

32. Defendant Verizon Business Network Services Inc. owed Plaintiff a duty to exercise due care in the supervision of employees/agents who drive vehicles as part of their duties.

33. Defendant Verizon Business Network Services Inc. breached these duties in that it:

      a.      Did not properly investigate the driving history of Defendant Donna Singleton;

      b.      Did not conduct a proper background check on Defendant Donna Singleton;

      c.      Did not properly train and educate Defendant Donna Singleton on her duties and responsibilities in the operation of a motor vehicle on behalf of Defendant Verizon Business Network Services Inc.; and

      d.      Did not perform sufficient supervision of Defendant Donna Singleton in the execution of her duties.

34. Plaintiff suffered harm as a direct and proximate result of Defendant Verizon Business Network Services Inc.'s breach of its duties.

35. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Verizon Business Network Services Inc., Plaintiff sustained injury to her head, neck, and back, thereby causing her permanent pain and suffering as a direct result.

36. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Verizon Business Network Services Inc., Plaintiff has been required to undergo reasonable and necessary medical and therapeutic care, including surgical intervention, and is reasonably likely to undergo additional care and treatment in the future.

WHEREFORE, Plaintiff Tricia Allen prays judgment against Defendant Verizon Business Network Services Inc. in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her costs herein expended, and for such other relief as the Court deems just and proper under the circumstances.

      **PLAINTIFFS DEMAND TRIAL BY JURY.**

                                    Respectfully submitted,

SCHULTZ & MYERS, LLC

/s/ Thomas G. Wilmowski, Jr.
_____
    Thomas G. Wilmowski, Jr., 60721(MO)
    999 Executive Parkway Drive
    Suite 205
    St. Louis, Missouri 63141
    Telephone:  314-444-4444
    Facsimile:  314-720-0744
    E-mail: tom@schultzmyers.com